IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEVADA, NORTHERN DIVISION

| | |
|---|---|
| PAMELA O'KEEFE, TRUSTEE FOR THE, JORDAN GRACE REEDER IRREVOCABLE TRUST,<br><br>            Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No. 3:15-cv-00129 HDM-WGC<br>ORDER GRANTING<br>JOINT MOTION TO VACATE<br>PRETRIAL DATE SET IN THE<br>STIPULATED DISCOVERY PLAN<br>DATED April 29, 2016 [DOC. NO. 28] |

COMES now Plaintiff Pamela O'Keefe, as Trustee of the Jordan Grace Reeder Irrevocable Trust, dated April 15, 1993 ("JGR Trust") and Defendant, United States of America ("United States"), by and through their undersigned counsel, and submit a Joint Motion to vacate the Pre-Trial Date and to order counsel to submit a Joint Status Report to this Court on or before December 23, 2016 to apprise Court of the pendency of a related proceeding.

1

A. <u>Statement of Discovery Completed</u>

Counsel for the parties have continued to work cooperatively to complete discovery. Fact discovery has been completed. The depositions taken in this matter were:

- October 27, 2015: Deposition of George Koide
- December 16-17, 2015: Deposition of Jonathon Reuben
- January 20, 2016: Deposition of Mark Snyder
- February 16, 2016: Deposition of Pamela O'Keefe
- February 17-18, 2016: Deposition of Michael Reeder
- April 26, 2016: Deposition of John Paul Reddam
- May 18, 2016: Deposition of Jordan Grace Reeder
- May 18, 2016: Deposition of Anthony Laurien
- May 19, 2016: Deposition of Jennifer Sitts, Nevada Gaming Control Board
- July 14, 2016: Deposition or Michael D'Anna, Anaheim Police Department
- July 14, 2016: Deposition of Mark Van Meter, Anaheim Police Department

Expert discovery has been completed. The United States disclosed its expert, John B. Mulligan, Esq., on or about April 1, 2016. Plaintiff disclosed its rebuttal expert, Philip S. Magaram, Esq., on or about June 16, 2016. Plaintiff declined to depose Mr. Mulligan. The United States deposed Mr. Magaram on July 18, 2016.

B. <u>Reasons for the Requested Extension and Disclosure of Related Proceedings</u>

This is a quiet title action (28 U.S.C. § 2410) commenced by Pamela O'Keefe, as Trustee for the JGR Trust. The lawsuit was prompted by the IRS's filing of Notices of Federal Tax Liens which are encumbering Nevada real property titled in the name of the JGR Trust. The IRS has asserted that the JGR Trust is the nominee, alter ego or transferee of Michael Reeder. The IRS

had assessed excise taxes on wagering activity against Michael Reeder. The current balance of Mr. Reeder's liability is in excess of $5 million.  In the instant quiet title suit, the parties have engaged in extensive discovery pertaining to Michael Reeder's connection and relationship with the JGR Trust and its property. In a quiet title action, the alleged nominee or alter ego lacks standing to challenge the amount of the underlying tax assessments.

Not until after the close of discovery did either party believe that Michael Reeder, not a party to the instant action, intended to challenge the amount of the underlying tax liability which had previously been determined at an IRS Appeals Office conference.  On September 16, 2016, Michael Reeder paid a portion of the excise tax liability and filed a Claim for Refund with the IRS. Michael Reeder, through his counsel, has expressed his intent to file a refund action in this Court as soon as his claim for refund has been denied by the IRS. The parties are hopeful that the IRS will deny the claim for refund before the end of the year which would provide this district court with jurisdiction over a refund suit by Michael Reeder.

Although the United States believes that the tax assessments made against Michael Reeder are entirely proper and that he should be estopped from denying the amount of the liability, neither party believes it would be appropriate or judicially efficient for this Court to try an expensive and time-consuming fact-oriented quiet title action until the amount of the underlying liability has been adjudicated or determined.  Any refund suit filed by Michael Reeder on his excise tax liability would certainly constitute a related action and is likely to be consolidated with the quiet title action for purposes of trial.

C. <u>Requested Extension of Dates</u>

The parties are optimistic that by the end of this year, the IRS will have acted on Michael Reeder's Claim for Refund. The parties request that the court vacate the Joint Pretrial Order date

had assessed excise taxes on wagering activity against Michael Reeder. The current balance of Mr. Reeder's liability is in excess of $5 million.  In the instant quiet title suit, the parties have engaged in extensive discovery pertaining to Michael Reeder's connection and relationship with the JGR Trust and its property. In a quiet title action, the alleged nominee or alter ego lacks standing to challenge the amount of the underlying tax assessments.

Not until after the close of discovery did either party believe that Michael Reeder, not a party to the instant action, intended to challenge the amount of the underlying tax liability which had previously been determined at an IRS Appeals Office conference.  On September 16, 2016, Michael Reeder paid a portion of the excise tax liability and filed a Claim for Refund with the IRS. Michael Reeder, through his counsel, has expressed his intent to file a refund action in this Court as soon as his claim for refund has been denied by the IRS. The parties are hopeful that the IRS will deny the claim for refund before the end of the year which would provide this district court with jurisdiction over a refund suit by Michael Reeder.

Although the United States believes that the tax assessments made against Michael Reeder are entirely proper and that he should be estopped from denying the amount of the liability, neither party believes it would be appropriate or judicially efficient for this Court to try an expensive and time-consuming fact-oriented quiet title action until the amount of the underlying liability has been adjudicated or determined.  Any refund suit filed by Michael Reeder on his excise tax liability would certainly constitute a related action and is likely to be consolidated with the quiet title action for purposes of trial.

C. <u>Requested Extension of Dates</u>

The parties are optimistic that by the end of this year, the IRS will have acted on Michael Reeder's Claim for Refund. The parties request that the court vacate the Joint Pretrial Order date

of November 1, 2016 and Order the parties to file a Joint Status Report by December 23, 2016 apprising the Court on the status of Michael Reeder's claim for refund and Refund Suit.

                          PANITZ & KOSSOFF, LLP

DATED: October 17, 2016          */s/Barbara E. Lubin*
                          BARBARA E. LUBIN
                          PANITZ & KOSSOFF, LLP
                          5743 Corsa Avenue, Suite 208
                          Westlake Village, California 91362
                          (805) 379-1667
                          Attorneys for Plaintiff

DATED: October 17, 2016          */s/Henry C. Darmstadter*
                          HENRY C. DARMSTADTER
                          Trial Attorney, Tax Division
                          U.S. Department of Justice
                          P.O. Box 683 Ben Franklin Station
                          Washington, D.C.  20044-0683
                          (202) 307-6481

                          *Of Counsel*
                          DANIEL G. BOGDEN
                          United States Attorney
                          Attorneys for the United States

IT IS SO ORDERED:

*[signature: Howard D. McKibben]*

UNITED STATES DISTRICT COURT JUDGE

DATED:  October 19, 2016