RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

HENRY C. DARMSTADTER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6481
Fax: (202) 307-0054
Email: henry.c.darmstadter@usdoj.gov

*Attorneys for the United States of America*

DAYLE ELIESON
United States Attorney
District of Nevada
*Of Counsel*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL F. REEDER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil No.: 3:15-cv-00129-MMD-WGC<br><br>**JOINT MOTION TO STAY ACTION PENDING EVALUATION OF GLOBAL SETTLMENT OFFER BY UNITED STATES** |
| PAMELA M. O'KEEFE, as Trustee for the JORDAN GRACE REEDER IRREVOCABLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | |

1

17044534.1

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | |
| Counterclaimant, | |
| v. | |
| MICHAEL F. REEDER | |
| Counterclaim Defendant | |
| and | |
| PAMELA M. O'KEEFE, as Trustee for the JORDAN GRACE REEDER IRREVOCABLE TRUST and the DARBY LEIGH REEDER IRREVOCABLE TRUST; BANK OF AMERICA, N.A.; and HERITAGE BANK OF NEVADA, | |
| Additional Defendants on Counterclaim. | |

COMES now Plaintiff and Counterclaim Defendant Michael F. Reeder ("Mr. Reeder"), Plaintiff and Counterclaim Defendant Pamela O'Keefe ("Ms. O'Keefe"), as Trustee of the Jordan Grace Reeder Irrevocable Trust ("JGR Trust") and the Darby Leigh Reeder Irrevocable Trust ("DLR Trust"), and Defendant and Counterclaim Plaintiff United States of America ("United States"), by and through their undersigned counsel, and submit a Joint Motion and Proposed Order to stay this action until February 15, 2109 to provide additional time for the United States to evaluate a global settlement offer:

1.   This consolidated action arises out of the United States' efforts to collect excise wagering taxes assessed against Mr. Reeder for unlicensed and illegal wagering activity. On September 3, 2001, the Internal Revenue Service ("IRS") assessed excise taxes on wagering under IRC (Title 26) § 4401 against Mr. Reeder for the monthly periods from September 1, 1993 to March 31, 1997.

2

17044534.1

2. On April 15, 1993, Ms. O'Keefe and Mr. Reeder, husband and wife, as grantors, created the JGR Trust with their eldest daughter, Jordan Grace Reeder, named as beneficiary. Ms. O'Keefe was made trustee of the JGR Trust. Shortly thereafter, Ms. O'Keefe and Mr. Reeder transferred their interest in their principal residence located in Glenbrook, Nevada ("Glenbrook Property") to the JGR Trust. After the transfer, both Ms. O'Keefe and Mr. Reeder continued to reside at the Glenbrook Property under a purported rental agreement between them and the JGR Trust. On September 28, 1994, Ms. O'Keefe and Mr. Reeder, as grantors, created the DLR Trust with their youngest daughter, Darby Leigh Reeder, named as beneficiary. Ms. O'Keefe was also made the trustee of the DLR Trust. The DLR Trust currently holds title to a condominium located in Honolulu, Hawaii.

3. The IRS concluded that both the JGR Trust and the DLR Trust were the nominees, alter egos or fraudulent transferees of Mr. Reeder and that the assets held in those trusts were subject to the United States' tax liens against Mr. Reeder. Following the filing of nominee notices of federal tax liens by the IRS, on January 26, 2015, Ms. O'Keefe, as trustee for the JGR Trust commenced the base case in this consolidated proceeding to quiet title under 28 U.S.C. § 2410 [ECF No. 1].

4. At the close of discovery in the quiet title action, Mr. Reeder expressed his intention to challenge the amount of his underlying tax liability in a tax refund suit. Mr. Reeder contends that the subject tax assessments were based on mere conjecture and were void from the start. The United States contends that the tax assessments made against Mr. Reeder are entirely proper and that he should be estopped from denying the amount of the liability.

5. On February 14, 2017, Mr. Reeder commenced a refund suit with respect to the subject excise taxes: *Reeder v. United States*, Case No. 17-cv-00099 (USDC Nevada). Both

parties agreed that these actions should be consolidated. On February 22, 2017, the Court ordered that the Reeder refund suit be consolidated with the JGR Trust quiet title action. The JGR Trust quiet title action was designated as the base case [ECF 38].

6. On May 5, 2017, the United States filed its Answer and Counterclaimed against Mr. Reeder to reduce to judgment the federal wagering excise taxes for all periods assessed against him. The United States also filed Counterclaims against both the JGR Trust and DLR Trust seeking an adjudication that they are the nominees, alter egos, and/or fraudulent transferees of Mr. Reeder [ECF No. 42].

7. On May 1, 2018, following the conclusion of pretrial discovery, the United States filed a Motion for Summary Judgment against Plaintiff and Counter Defendant Michael F. Reeder [ECF No. 65]. On April 23, 2018, the Court had granted the United States' Motion for leave to file an enlarged memorandum of points and authorities of 45 pages [ECF No. 64].

8. Shortly prior to the United States filing its Motion for Summary Judgment, the parties began settlement discussions in earnest. On May 4, 2018, the parties filed a stipulation to extend the briefing schedule for the Summary Judgment Motion [ECF No. 70]. On May 7, 2018, the Court granted the First Extension of the briefing schedule on the Motion for Summary Judgment [ECF No. 71].

9. On June 6, 2108, the parties submitted a second stipulation extending the briefing schedule on the Motion for Summary Judgment [ECF No. 72]. On June 6, 2018, the Court granted the Second Extension of the briefing schedule on the Motion for Summary Judgment [ECF No. 73].

10. On August 2, 2018, Mr. Reeder, the JGR Trust and DLR Trust submitted a formal confidential written offer to globally settle this consolidated action. That written offer is currently under consideration by the United States.

11. On September 19, 2108, the parties submitted a third stipulation extending the briefing schedule on the Motion for Summary Judgment [ECF No. 74]. In the third stipulation, the parties requested a 4 month extension. On September 20, 2018, the Court denied the Third

1 | Extension without prejudice. In a Minute Order, the Court indicated that the multiple requests
2 | for extension of time might affect the Court's ability to resolve the pending motion by the next
3 | Civil Justice Reform Act reporting period in March 2019. The Court stated that it would
4 | entertain a shorter extension of time, or that the parties could negotiate withdrawal of the
5 | pending motion for summary judgment [ECF No. 65] to be refiled if the settlement was not
6 | approved [ECF No. 75].

7 |     12.    In light of the Court's Minute Order, on September 20, 2108, the parties
8 | submitted an amended stipulation for extension of the briefing schedule on the Motion for
9 | Summary Judgment [ECF No. 76]. In this amended stipulation, the parties sought only a 2 month
10 | extension of the briefing schedule with the Opposition to be filed by November 22, 2018 and the
11 | Reply due by December 24, 2018. On September 24, 2018, the Court granted this Amended
12 | Extension of the briefing schedule on the Motion for Summary Judgment [ECF No. 77].

13 |     13.    Insomuch as it now appears highly unlikely that the United States will have acted
14 | on the pending settlement offer before the Opposition must be prepared and filed by Mr. Reeder,
15 | the parties stipulate and agree that this action be stayed until February 15, 2019. The United
16 | States agrees to withdraw it pending Motion for Summary Judgment without prejudice to its
17 | refiling [ECF No. 65].

18 |     14.    If a settlement offer is not accepted by February 15, 2019, the United States will
19 | refile the same enlarged 45-page Motion for Summary Judgment against Mr. Reeder on February
20 | 15, 2019. Mr. Reeder shall have until March 18, 2019 to file his Opposition to the Motion for
21 | Summary Judgment, and the United States shall have until April 15, 2019 to file its Reply Brief.

22 |     15.    The parties believe that good cause exists for the granting of this motion to stay.
23 | Due to the large amount of the concession being sought by Mr. Reeder, this settlement requires
24 | several layers of review by the United States. Because this case has been classified by the
25 | Internal Revenue Service ("IRS") as "Standard," the views of IRS Office of Chief Counsel had
26 | to be obtained prior to the offer being considered by the Department of Justice. The proposed
27 | settlement of this matter must also be approved by several different sections within the
28 | Department of Justice.

16. In addition, because the offer is partially based upon collectability, Mr. Reeder has submitted detailed financial statements which are still being evaluated by the government. Mr. Reeder continues to provide updated financial information as requested. Accordingly, both sides would prefer not to expend the resources to currently continue the briefing schedule for the United States' Summary Judgment Motion while the global settlement offer is under consideration.

DATED: October 22, 2018

/s/Henry C. Darmstadter
HENRY C. DARMSTADTER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683 Ben Franklin Station
Washington, D.C. 20044-0683
(202) 307-6481

Of Counsel
STEVEN W. MYHRE
United States Attorney
Attorneys for the United States


PANITZ & KOSSOFF, LLP


DATED: October 22, 2018

/s/Barbara E. Lubin
BARBARA E. LUBIN, ESQ.
PANITZ & KOSSOFF, LLP
5743 Corsa Avenue, Suite 208
Westlake Village, California 91362
(805) 379-1667
Attorneys for Plaintiff


IT IS SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE

DATED:   October 23, 2018

17044534.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 22th day October 2018, I electronically filed the foregoing **JOINT MOTION TO STAY ACTION PENDING EVALUATION OF GLOBAL SETTLMENT OFFER BY UNITED STATES** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

PHILIP GARRETT PANITZ
BARBARA E. LUBIN
PANITZ & KOSSOFF, LLP
5743 Corsa Avenue
Suite 208
Westlake Village, California 91362

NATHAN F. SMITH
MALCOLM & CISNEROS
2112 Business Center Drive
Irvine, California 92612

MARK G. SIMONS
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, Nevada 89503

/s/ *Henry C. Darmstadter*
HENRY C. DARMSTADTER III
Trial Attorney
United States Department of Justice, Tax Division

17044534.1